GRABER, Circuit Judge,
dissenting:
I respectfully dissent.
“Findings of fact, whether based on oral or other evidence, must not be set aside unless clearly erroneous, and the reviewing court must give due regard to the trial court’s opportunity to judge the witnesses’ credibility.” Fed.R.Civ.P. 52(a)(6).
[ A] finding is “clearly erroneous” when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed .... If the district court’s account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder’s choice betiueen them cannot be clearly erroneous.
Anderson v. City of Bessemer City, 470 U.S. 564, 573-74, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) (internal quotation marks and citations omitted) (emphasis added); see also United States v. Hinkson, 585 F.3d 1247, 1261 (9th Cir.2009) (en banc) (“[T]he Supreme Court’s precedent convinces us that any ‘definite and firm conviction’ of the reviewing court must still include some measure of deference to the trial court’s factual determinations.”).
That general rule applies with particular force to the weighing of witnesses’ credibility. “When findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court’s findings; for only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding of and belief in what is said.” Anderson, 470 U.S. at 575, 105 S.Ct. 1504; see also Allen v. Iranon, 283 F.3d 1070, 1078 n. 8 (9th Cir.2002).
On remand, the district court judge described Pineda-Doval’s demeanor as follows:
[ Wjatching [Pineda-Doval] in the course of these proceedings, both past and in the present, he demonstrates everything but remorse in this case[ ]. It’s just ho-hum. So somebody — I crashed and people died. So what? He has a very smug look on his face most of the time. And it belies his statements.
In my view, the district court’s finding with respect to malice aforethought, which rested in part on demeanor, is entitled to deference.
The last time we heard this case, we remanded “for the district court to expressly find whether there is clear and convincing evidence that Pineda-Doval acted with malice aforethought when he undertook the charged conduct and to resentence the Defendant in light of its finding.” United States v. Pineda-Doval, 614 F.3d 1019, 1042 (9th Cir.2010). That is, we recognized the possibility that the facts of this case might rise to the level of malice aforethought, presumably contingent on Pineda-Doval’s state of mind at the time he attempted to evade the spike strip.
Our remand instructions required the district court to assess those factors as *948 trial courts generally do — through the taking of testimony and the weighing of credibility. The district court did exactly what we directed. In the particular context of this case, the majority’s conclusion that the district court clearly erred amounts to a belated determination that Pineda-Doval’s actions could not, as a matter of law, have constituted malice aforethought. Were that true, we would not have instructed the district court to make findings when we remanded in Pineda-Doval’s first appeal; we would instead have done what the majority does now.
In my view, Pineda-Doval’s actions were so very reckless that a reasonable factfinder could find that they constituted malice aforethought. Reviewing for clear error, I would affirm.